NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos.  10-3426 and 10-3486
_____

EDDIE KNIGHT; CHARLES S. MILLER-BEY;
EDDIE MCBRIDE; LEONARD RILEY, JR.,
                                Appellants in No. 10-3426

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
_____

EDDIE KNIGHT; CHARLES S. MILLER-BEY;
EDDIE MCBRIDE; LEONARD RILEY, JR.

v.

INTERNATIONAL LONGSHOREMEN'S ASSOSCIATION,
                                Appellant in No. 10-3486
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-01-cv-00005)
District Judge:  The Honorable Joseph J. Farnan, Jr.
District Judge:  The Honorable Leonard P. Stark

ARGUED DECEMBER 10, 2012

BEFORE:  GREENAWAY, JR., NYGAARD, and VAN ANTWERPEN, *Circuit Judges*

(Filed: May 31, 2013)

Michael J. Goldberg, Esq. [Argued]
73 Harrowgate Drive
Cherry Hill, NJ  08003

Perry F. Goldlust, Esq.
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899

     *Counsel for Appellants/Cross-Appellees*

Stephen B. Potter, Esq.
Potter, Carmine & Associates
840 North Union Street
P.O. Box 514
Wilmington, DE 19899

John P. Sheridan, Esq. [Argued]
Marrinan & Mazzola Mardon
26 Broadway, 17th Floor
New York, NY 10004

     *Counsel for Appellee/Cross-Appellant*

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge*

     This is the second time this contentious dispute has reached us. Having heard the parties at oral argument and reviewed their claims, we will affirm the District Court's order on direct appeal, but will reverse the District Court's order challenged on cross-appeal.

     The factual background is ably reported in the District Court's opinion and, as the parties are intimately familiar with the procedural history of this case, we need not recount in detail here. *See Knight et al. v. Int'l Longshoremen's Ass'n*., 724 F. Supp. 2d 480, 484-87 (D. Del. 2010).

2

# I.

First, Appellant Knight maintains that he is entitled to back pay for lost wages because his removal from union office infringed on his free speech rights. *See* 29 U.S.C. § 411(a)(2). He argues that the District Court lacked sufficient evidence to support its ruling which denied his lost wages claims. To the contrary, the District Court's order is amply supported by the record. For example, Knight was disciplined for engaging in conduct detrimental to the Union, which was a violation of the Union's constitution. Knight had also misled McBride into thinking the meeting in question was a union-sponsored event. Further, the record reveals that the Union's disciplinary committee was especially troubled because "Brother Knight is the financial secretary of the local and should be aware of the restrictions on payments to union officials."

Moreover, the record contains the testimony of disciplinary committee members which confirms that accepting funds from the Port Authority officer and subsequently misleading McBride were the reasons for his discipline—not because Knight had exercised any free speech. *See Finnegan v. Leu*, 456 U.S. 438 (1982).

Finally, were we to find Knight's claim for lost wages valid, we would deem it waived. Knight raised such a claim on summary judgment during the first trial and lost. The District Court held that his suspension from union office was not discipline and that Knight had failed to present evidence showing that the Union infringed on his free speech rights. After trial, the District Court reconsidered the issue and again ruled that there was no evidence to support a violation of Knight's free speech rights. This ruling was not challenged on appeal. *See Knight v. Int'l Longshoremen's Ass'n.*, 457 F.3d 331, 335-36

3

(3d Cir. 2006). An issue that is not addressed in an appellant's brief is deemed waived on appeal and "[w]e have consistently rejected such attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings.". *Skretneck v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 (3d Cir. 2004). As a result, the law of the case doctrine acts to bar Knight from relitigating this issue. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

Nor were these claims somehow resurrected when we remanded this cause following his first appeal. Knight maintains that his claim for back-pay was part of his claim that the ILA Constitution was overbroad. This is not so. For example, in the first appeal, Knight argued that the District Court should not have abstained on the overbreadth question, and he won that argument. We were not presented with the issue of whether Knight was entitled to back-pay for lost wages. We also note that on remand, Knight attempted to bring this claim, only to have the District Court correctly determine that we remanded for consideration of the overbreadth issue, not the back-pay claims. Finally, the fact that the district court refused to disturb its prior ruling on remand, *see Knight*, 724 F.Supp.2d at 497, does not revive Knight's ability to challenge this claim.

II.

Appellants also believe they are entitled to punitive damages under the LMDRA. Even were such damages available under the statute, an issue we will assume without deciding, Appellants would not be entitled to them. We acknowledge that a discrepancy exists as to the appropriate standard to be used for awarding such sanctions. Here,

4

however, whether Appellants must demonstrate actual malice or the lesser standard of reckless indifference is immaterial. Appellants present no evidence to meet even the lesser standard for which they advocate.

As they did in the District Court, Appellants lay out a lengthy and detailed chronology of events which they point to as evidence of a pattern of reckless indifference on the part of the ILA. After considering this chronology, the District Court made the following determination:

> In the Court's view, however, the timeline shows a contentious history between the two parties, but not an over-arching problem of maliciousness or reckless indifference. In particular, the Court is not convinced that the fact Mr. Miller-Bey was involved in litigation with the ILA previously, on different claims and more than a decade before the instant action was initiated, supports a claim of reckless indifference on the part of the ILA in the instant dispute. Accordingly, the Court concludes that Plaintiffs have not proven that they are entitled to punitive damages.

*Knight*, 724 F.Supp.2d at 502. The District Court did not abuse its discretion. The record supports its conclusion.

III.

On cross-appeal, the Union argues that the District Court erred when it held that Knight's due process rights were violated because he was convicted of conduct with which he was never charged.

Our review is plenary.  The District Court ruled that Knight's due process rights were violated because it believed Ethical Practices Counsel Milton E. Mollen[1] convicted Knight of violating the "spirit and intent" of § 302 of the LMRA.  The District Court found this 'conviction' to be a due process violation because Knight was never charged with that offense.

Here, the District Court erred.  Although Mollen did use language about Knight "violating the spirit and intent" of the statute, he did so in passing, making a point that relates directly back to Knight's accepting money from the Port Authority official – conduct with which he was clearly charged (and indeed stipulated to).

Mollen's decision is a thorough opinion of seven pages and sets out the facts, arguments and its decision in a forthright and cogent manner, noting that the detrimental conduct with which Knight was charged did not refer specifically to a § 302 violation. He went on to determine that by accepting money from the Port Authority official, Knight did not technically violate any laws because, in this instance, the Port Authority was not a public entity.  Still, Mollen did not dismiss the charges against him.  He found that Knight violated the "conduct detrimental" provision in the ILA Constitution. Basically, Mollen found Knight had engaged in conduct detrimental to the Union, even though the payment he received did not technically violate the statute.

The District Court concluded that Mollen's decision amounted to a finding that Knight was guilty of "new charges."  We disagree.  The District Court's order does not

---

[1] On remand, the District Court ordered a new hearing before an unbiased judge.  The Union suggested its Ethical Practices Counsel, and the District Court agreed.

6

reflect the totality of the record. Mollen indicates quite clearly in his opinion that Knight's conduct was "conduct detrimental" to the Union—indeed he says so throughout his opinion (the Union references 8 of these instances in their brief). Mollen did, in one instance, speak about Knight violating the "spirit and intent" of the statute. But, the District Court latched-on to this one comment and disregarded the overall theme to Mollen's opinion—that Knight should not have accepted the money from the Port Authority. Indeed, that was what Knight was charged with: accepting $500.00 from an employer of ILA members. Mollen, therefore, had to determine whether that action was "detrimental" to the Union. Knight stipulated to accepting the money, so he clearly had notice of these charges.

Mollen concluded that Knight's actions, although technically legal, still worked to the detriment of the Union. Mollen, as the Union points out in its brief, wanted to make sure that ILA officers (like Knight), do not take money from employers, regardless of whether it is technically legal to do so. Therefore, the District Court should have, for due process purposes, only concerned itself with whether Knight was apprised of the conduct of which he had been charged—taking money from the Port Authority official.

## IV.

We will affirm the District Court's order challenged on direct appeal. We will reverse, however, the District Court's ruling that Knight's LMRDA § 105 due process rights were violated.

7